UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,       :
                                :
           Plaintiff,           :
                                :
v.                              : ACTION NO. 2:12CR37
                                :
CRAIG PHILLIPS,                 :
And                             :
TERRI LYNN NAGY-PHILLIPS,       :
                                :
           Defendants.          :


IN RE: THIRD PARTY CLAIMS BY:

KENNETH NAGY and MARILYN NAGY,
TRACEY NAGY,
and
S M PHILLIPS INCORPORATED

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Following their guilty pleas to conspiracy and wire fraud charges, Defendants, Craig Phillips and Terri Lynn Nagy-Phillips (the "Criminal Defendants") were required to forfeit certain property to the United States under the provisions of 21 U.S.C. § 853 (ECF No. 38, 39). Three Petitioners, each related in some way to the Defendants, asserted claims to various forfeited property under 21 U.S.C. § 853(n). The United States moved to strike all three petitions, and by Memorandum Opinion and Order filed February 1, 2013, the court granted in part and denied in part the United States' motion. Thereafter, the court referred

1

the remaining claims of the Petitioners to the undersigned United States Magistrate Judge to conduct a hearing and submit proposed findings of fact and recommendations for the disposition of the remaining claims.

On March 15, 2013, each of the Petitioners appeared for the hearing in person or by counsel. The court heard the stipulations of the parties, and additional evidence and argument on disputed claims pursuant to which the undersigned makes the following Report and Recommendation.

1. **Claims of Kenneth and Marilyn Nagy.**

Kenneth and Marilyn Nagy ("the Nagys") are Defendant Terri Lynn Nagy-Phillips' parents. They reside in Michigan and their petition alleged various interests in property subject to forfeiture. Following the court's ruling on the United States' motion to strike, the Nagys' remaining claims sought to avoid forfeiture of two gold rings, a 2010 Chevrolet Camaro and a swimming pool. At the hearing on March 15, 2013, counsel for the Nagys and the United States Attorney stipulated to an agreed resolution of the Nagys' remaining claims. Specifically, the United States agreed to dismiss its claim to forfeiture of the two gold rings. The United States also agreed to dismiss its claim for forfeiture of the 2010 Chevrolet Camaro in exchange for a second position lien interest in favor of the victim, Continental Realty Services, Inc. ("CRS"), in the Camaro in the

amount of $3,297.05, which the parties agreed represented proceeds provided by the two Criminal Defendants and used to acquire the Camaro.[1]

Finally, the Nagys alleged an interest in a swimming pool located in their home state of Michigan to which they allegedly contributed personal funds. At the hearing, the United States and the Nagys' counsel stipulated that the United States would dismiss its claim for forfeiture of the pool in exchange for a money judgment in favor of the United States against the Nagys in the amount of $30,562.00, which represents the portion of the pool paid for with the Criminal Defendants' proceeds subject to forfeiture. Accordingly, pursuant to these stipulations the undersigned will recommend amending the Order of Forfeiture to remove the two gold rings, the 2010 Camaro and the swimming pool, and substitute a lien on the Camaro in the amount of $3,297.05 in favor of CRS and a money judgment in the amount of $30,562.00 in favor of the United States.

---

[1] On March 13, 2013, a new claimant, Community Choice Credit Union, lodged a pro se´ petition for a hearing to adjudicate the validity of its first position lien interest on the same 2010 Chevrolet Camaro. The credit union's pro se´ petition is untimely. Nevertheless, as the recommendation of the undersigned will result in the Camaro being dismissed from the Order of Forfeiture, if adopted, that recommendation would moot the credit union's claim. At the hearing on March 15, 2013, counsel for both the Nagys and the United States confirmed that the $3,297.05 lien interest substituted for the Camaro would be subordinate to the claims of Community Choice Credit Union, which are secured by notation of the lien on the vehicle's title. (ECF No. 94-2). Accordingly, the undersigned also recommends that the Community Choice Credit Union pro se´ petition be dismissed as moot.

2. **Claims of S M Phillips, Inc.**

Claimant, S M Phillips, Inc., a company owned by the brother of the Defendant, Craig Phillips, sought to avoid forfeiture of a tanning salon business known as Sunburst Tanning, which it allegedly purchased in January, 2012. At the hearing, counsel for S M Phillips and the United States Attorney appeared and agreed to dismiss the United States' claim to forfeiture of Sunburst Tanning. Counsel for S M Phillips also made certain proffers on the record concerning an agreed voluntary transfer of Sunburst Tanning after the property was removed from the Forfeiture Order, but the Company's private agreement on post-forfeiture transfer is outside the jurisdiction of this court under 21 U.S.C. § 853(n). Accordingly, the undersigned will recommend that the court amend the Order of Forfeiture to remove any interest in Sunburst Tanning pursuant to the parties' stipulation.

3. **Claims of Tracey Nagy.**

Tracey Nagy, sister of the Defendant, Terri Lynn Nagy-Phillips, sought to establish her claim that she was a bona fide purchaser for value of a 2002 Harley Davidson motorcycle. With the assistance of counsel, Nagy testified and also presented evidence through her mother, Marilyn Nagy, and through written exhibits.

Tracey Nagy testified that she reached an agreement to acquire the motorcycle in October 2011, and thereafter made payments toward the purchase price by paying several monthly payments towards the mortgage on a home shared by Defendants Craig Phillips and Terri Lynn Nagy-Phillips. She claims these mortgage payments satisfied the $5,000.00 purchase price of the motorcycle making her a bona fide purchaser for value. After considering the testimony of both witnesses and the documentary evidence, the undersigned recommends that the court make the following findings of fact and conclusions of law and deny Tracey Nagy's claim.

A. **Recommended Findings of Fact and Conclusions of Law on Tracey Nagy's claim.**

Third party petitioners seeking to establish a right to forfeit property have a straightforward burden of proof defined by statute. To establish her claim, Tracey Nagy must prove "by a preponderance of the evidence" that she "is a bona fide purchaser for value of the right, title and interest in the property, and was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture." 21 U.S.C. § 853(n)(6)(B). A bona fide purchaser for value includes those "who gave value to the defendant in an arms-length transaction with the expectation that they would receive

equivalent value in return." United States v. Reckmeyer, 836 F.2d 200, 208 (4th Cir. 1987).

Tracey Nagy's proof at the hearing failed to establish several elements of her claim by a preponderance of the evidence. To begin with, she presented no evidence on the value of the motorcycle, the negotiations leading to the $5,000.00 purchase price, or any other evidence upon which the court could conclude that this transaction with her brother-in-law was an arms-length sale. Moreover, her offer of proof failed to establish by a preponderance that "at the time of the purchase" she was "reasonably without reason to believe the property was subject to forfeiture."

Tracey Nagy's proof consisted of her testimony that she reached an agreement to purchase the motorcycle from Craig Phillips in October 2011. She first testified that the agreement was memorialized in a handwritten letter which she was unable to produce. Thereafter, the United States Attorney produced a typewritten document describing the sale, which Nagy identified as a second copy identical to the handwritten version she had described in her direct testimony. The typewritten memorandum was admitted as an exhibit. (Ex. 2, Mar. 15, 2013 Minute Entry; ECF No. 95). In its entirety, the alleged contract states as follows:

> I, Craig Phillips, are (sic) selling one 2002 V-Rod Harley Davidson to Tracey Nagy on October 14, 2011. The motorcycle is to be sold as is with no warranty. The motorcycle will also need the brakes looked at before driving. I will store it until we go to Michigan or until you or a family member drives to Virginia to pick it up via truck/trailer. The vehicle is to be sold for $5,000.00 at the time of pick up or delivery.

Id. The memorandum is signed by Craig Phillips and dated October 14, 2011. Id.

Although the alleged agreement specified that the motorcycle was "to be sold . . . at the time of pick up or delivery," Nagy also testified that the motorcycle was never picked up or delivered because in December 2011, it was seized by the United States pursuant to its allegation of forfeiture. Notwithstanding its seizure, Tracey Nagy testified that she began making payments towards the motorcycle purchase price by discharging the monthly joint mortgage obligation of Craig Phillips and Terri Lynn Nagy-Phillips. As evidence that she made these payments, Nagy introduced various Bank of America coupon receipts. (Ex. 1, Mar. 15, 2013 Minute Entry; ECF No. 75). These coupon receipts do reflect monthly payments beginning February 6, 2012 and continuing through September 2012. Id. Although incomplete, some of the coupons were accompanied by account numbers suggesting they applied to a loan account in the name of the Defendants, Terri Lynn Nagy-Phillips

7

and Craig Phillips. Id. However, none of the payment receipts suggest any connection to Tracey Nagy. Explaining this, Tracey testified that she gave her mother, Marilyn Nagy, money to make the payments because she (Tracey) was too busy at work to make them directly from her account. Marilyn Nagy likewise testified that her daughter, Tracey, provided her money which she deposited into her bank account in order to make the monthly mortgage payment on the Criminal Defendants' Virginia residence.

On cross-examination, the United States elicited testimony suggesting that Tracey Nagy had other reasons for making the payments she described. Specifically, Tracey and her boyfriend had traveled with the Criminal Defendants on a family cruise. There was also ample evidence of close familial bonds suggesting that the payments were intended, not as payment for the motorcycle, but to try to assist Terri Lynn Nagy-Phillips and her husband with meeting their monthly obligations following their loss of employment resulting from the acts giving rise to the criminal charges. In addition, the United States highlighted the complete absence of written proof of any payments from Tracey Nagy to Craig Phillips, and questioned the veracity of Tracey's testimony concerning the alleged payments she made through her mother.

The undersigned has grave doubts concerning the truth of Tracey Nagy's testimony concerning her involvement in the

mortgage payments. But accepting, for purposes of argument, that the proffered evidence established that she did make those mortgage payments, the undersigned finds that she has still failed to meet her burden to prove by a preponderance that she purchased the motorcycle at a time when she was reasonably without cause to believe it was subject to forfeiture.

The only documentary proof of the agreement, the typewritten memorandum signed by Craig Phillips, specifically describes the terms of the sale in the future tense, stating the vehicle "is to be sold for $5,000.00 at the time of pick up or delivery." The undisputed evidence is that the vehicle was never picked up or delivered and thus, the payment of the listed consideration of $5,000.00 never came due under the terms of the memorandum. Moreover, no party disputed that prior to Tracey Nagy making any payment, towards the mortgage or otherwise, the motorcycle had already been seized by the United States pursuant to its allegations of criminal wrongdoing. Because all of the payments Tracey Nagy allegedly made towards the purchase price occurred after she knew of the vehicle's seizure, she could not have been "reasonably without notice that it was subject to seizure." She also had no enforceable obligation to make any payments towards the alleged purchase price, as that obligation was expressly conditioned on the vehicle's physical delivery. Finally, the mortgage payments, even if made by Tracey Nagy,

cannot be construed as payments towards any contract obligation. Tracey Nagy offered no evidence that Craig Phillips authorized the mortgage payments as substitute consideration for the motorcycle. The mortgage payments were made to a third party and allegedly to discharge an entirely different joint obligation of Craig Phillips and Terri Lynn Nagy-Phillips.

Because Tracey Nagy failed to prove by a preponderance of the evidence that she was a bona fide purchaser, reasonably without cause to believe that the motorcycle was subject to forfeiture, the undersigned will recommend that her claims under the petition be denied.

### **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the court adopt the findings of fact and conclusions of law set forth above, and enter a final order of forfeiture consistent with the preliminary Orders entered July 13, 2012, as amended by the court's Memorandum Opinion and Order entered February 1, 2013 and further amended as follows:

1. Expressly omitting from assets subject to forfeiture, two gold rings conveyed to Marilyn Nagy by Kenneth Nagy in 2004 and currently in their possession;

2. Expressly omitting from assets subject to forfeiture, a 2010 Chevrolet Camaro SS, VIN

#2G1FTIEWOA9115217 currently registered to Kenneth and Marilyn Nagy;

3. Expressly omitting from assets subject to forfeiture, any interest in Sunburst Tanning, a business located at 1245 Cedar Road, #1, Chesapeake, Virginia, and currently owned by S M Phillips, Inc.;

4. Expressly including in assets subject to forfeiture, a sum due from Kenneth and Marilyn Nagy in the amount of $3,297.05 secured by a second lien in favor of Continental Realty Services, Inc., subordinate to the first lien of Community Choice Credit Union and secured by a 2010 Chevrolet Camaro SS, VIN #2G1FTIEWOA9115217;

5. Expressly including in assets subject to forfeiture, a money judgment against Kenneth and Marilyn Nagy in the amount of $30,562.00 representing proceeds from the Defendants' activities used to construct a swimming pool at the Michigan residence owned by Kenneth and Marilyn Nagy.

6. Expressly including in assets subject to forfeiture the 202 Harley Davidson motorcycle,

VIN No. IHD1HAZ152K806341 currently registered to Tracey Nagy.

As the 2010 Camaro addressed in the petition lodged by Community Choice Credit Union will not be forfeited under the foregoing recommendation, the undersigned also recommends the Credit Union's petition be denied as moot.

**REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a _de novo_ determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations.

Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April 5th, 2013

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Keith Loren Kimball
Office of the Federal Public Defender - Norfolk
150 Boush St
Suite 403
Norfolk, VA 23510

Michael Scott Davis
Law Office of Michael S. Davis
1397 Laskin Rd
Virginia Beach, VA 23451

Walter Ware Morrison
W. Ware Morrison, PLC
2628 Barrett Street
Suite 100
Virginia Beach, VA 23452

Tracey Nagy
34691 West Jefferson
Rockwood, MI 48173

John Orlin Venner
1397 Laskin Road
Virginia Beach, VA 23451

John R. Fletcher
Ryan Brandon Graves
Tavss Fletcher Maiden & Reed PC
555 Main St
PO Box 3747
Norfolk, VA 23510

Community Choice Credit Union
Attention: Carol Truesdell, Member Solutions Manager
31155 Northwestern Highway
Suite 190
Farmington Hills, MI 48334

Randy Carl Stoker
United States Attorney Office
101 W Main St
Suite 8000
Norfolk, VA 23510

                        Fernando Galindo, Clerk

        By   _____
             Deputy Clerk

           _____, 2013